**SIGNED THIS: June 23, 2006**

_____
THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSEPH ANTHONY ROMANUS and | ) | No. 05-83933 |
| CONSTANCE A. TORREY ROMANUS, | ) | |
| | ) | |
| Debtors. | ) | |

### O P I N I O N

This case raises the issue of the *res judicata* effect to be accorded a prepetition state court judgment entered in a Forcible Entry and Detainer action filed in the Peoria County Circuit Court by Evergreen Square Peoria, L.L.C. (EVERGREEN) against Joseph Romanus (DEBTOR). The Complaint, alleging that the DEBTOR breached a lease for a store-front unit located in the Evergreen Square shopping center, prayed for an award of possession, as well as monetary damages. On April 26, 2005, the circuit court entered judgment by default against the DEBTOR, awarding possession of the leased premises to EVERGREEN and a money judgment in the amount of "$25,814.32 and for the costs of this suit in the amount of $145.50 and for attorney's fees plus interest of 18% since the date of default plus interest, costs, and attorney fees accruing thereafter."

The DEBTOR filed his Chapter 13 petition on August 8, 2005. On November 10, 2005, EVERGREEN filed a proof of claim alleging an unsecured, nonpriority claim in the amount of $37,722.93. On January 24, 2006, it amended its claim by adding certain supporting documents, without changing the amount or classification. The DEBTOR objects to EVERGREEN'S claim by raising, apparently for the first time, certain defenses to the Forcible Entry suit. EVERGREEN argues that the state court judgment is *res judicata* as to those defenses. The DEBTOR argues that the judgment was not final and was by default, rendering the doctrine inapplicable.

Under the doctrine of *res judicata* or claim preclusion, a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action. *River Park, Inc. v. City of Highland Park,* 184 Ill.2d 290, 703 N.E.2d 883 (1998). The doctrine of *res judicata* does apply to claims litigation in bankruptcy where the issue is simply the existence of a debt and the amount thereof. *In re Wizard Software, Inc.,* 185 B.R. 512 (Bankr.E.D.Va. 1995).

The DEBTOR'S argument that the judgment was entered by default is unavailing. The conclusion of a prior lawsuit by default judgment does not prevent that prior judgment from being used for *res judicata* purposes. *Housing Authority for La Salle County v. Young Men's Christian Ass'n of Ottawa,* 101 Ill.2d 246, 461 N.E.2d 959 (1984); *Schlangen v. Resolution Trust Corp.,* 934 F.2d 143 (7th Cir. 1991). If a judgment otherwise meets the requirements for *res judicata,* the fact that it was entered by default does not prevent its operation as a bar to defenses that were available to the debtor at the time the state court judgment was obtained. *Wizard Software, Inc.,* 185 B.R. at 518.

Under Illinois law, for the doctrine of *res judicata* to apply, the following three requirements must be satisfied:

(1) there was a final judgment on the merits rendered by a court of competent jurisdiction,
(2) there is an identity of cause of action, and
(3) there is an identity of parties or their privies.

*River Park, Inc. v. City of Highland Park,* 184 Ill.2d at 302, 703 N.E.2d at 889.

The DEBTOR does not dispute that the Peoria County Circuit Court had jurisdiction over the subject matter of the Forcible Entry action and over the parties. Neither does the DEBTOR dispute that the parties are identical. As to the identity of the cause of action, even though pleaded as a single count, the state court complaint states two separate causes of action: one for possession of the premises under the Forcible Entry statute and a second for damages for breach of the lease. The judgment clearly awarded both forms of relief.

The amended proof of claim filed by EVERGREEN is for the monetary damages that it alleges resulted from the breach of the lease. Since EVERGREEN argues that the doctrine of *res judicata* applies, it must necessarily believe that the cause of action for damages asserted in state court is identical to that asserted in its amended proof of claim. Based upon the rationale of *Wizard Software* that the doctrine of *res judicata* applies in claims litigation, this Court agrees with EVERGREEN that the causes of action are identical.

This leaves only the question of whether the state court judgment was a final judgment. If the judgment in question includes an order to pay attorney fees, but leaves the calculation for a later date, the judgment is not final, at least for purposes of appeal. *Dewan v. Ford Motor Co.,* 343 Ill.App.3d 1062, 1072, 799 N.E.2d 391, 399 (Ill.App. 1 Dist. 2003); *Longo v. Globe Auto Recycling, Inc.,* 318 Ill.App.3d 1028, 1033-34, 743 N.E.2d 667, 671-

72 (Ill.App. 1 Dist. 2001); *Brown and Kerr, Inc. v. American Stores Properties, Inc.*, 306 Ill.App.3d 1023, 1028-29, 715 N.E.2d 804, 808-09 (Ill.App. 1 Dist. 1999). This Court is not aware of any case law where an Illinois court has drawn a distinction between finality for purposes of appeal and for purposes of *res judicata*. In the absence of such authority, this Court presumes that the Illinois Supreme Court would determine finality identically for those dual purposes. The judgment entered by the Peoria County Circuit Court on April 26, 2005, contains a general award of attorney fees, but not a specific dollar amount. It also contains an award of "interest of 18% since the date of default" without calculating or stating the amount of such prejudgment interest or specifying the date of default. Thus, the judgment is not final and may not be accorded *res judicata* effect by this Court.

Nonetheless, since the state court litigation had proceeded to judgment, the interest of judicial economy would best be served by having the parties return to state court to obtain a final judgment on the issue of the amount due EVERGREEN as of the petition date of August 8, 2005. The state court is in a better position to address the issues raised by the DEBTOR that could result in a reduction in the judgment amount, as well as to complete the determination of attorney fees and interest contemplated in its prior judgment order, all of which are questions governed solely by state law. Moreover, the state court should be permitted to accord to its judgment whatever degree of finality it determines is appropriate. The final judgment to be entered by the state court will establish the amount of EVERGREEN'S claim to be allowed in this Chapter 13 case. Pursuant to 11 U.S.C. § 105(a), the Court will modify the automatic stay to permit the state court case to proceed to final judgment.

Since the Chapter 13 Plan has been confirmed and the Trustee has commenced payments to creditors, and because the DEBTOR does not dispute that he owed a debt to EVERGREEN, EVERGREEN'S amended claim will be allowed, on an estimated basis, in the judgment amount of $25,814.32.  The Trustee may make distributions to EVERGREEN on the basis of its allowed claim in that amount.  If a final judgment is entered by the state court that supports a different amount, either party may file a motion to amend the allowed claim of EVERGREEN.  If no such motion is filed, EVERGREEN'S claim will stand as allowed in the amount provided herein.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  A separate Order will be entered.

###